UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ULTIMINIO HERNANDEZ-GUTIERREZ, | ) | |
| Institutional ID No. 36736-359, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:13-CV-021-BG |
| GILES W. DALBY CORRECTIONAL | ) | ECF |
| FACILITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.    Procedural History**

Plaintiff Ultiminio Hernandez-Gutierrez filed this action on February 5, 2013, complaining of events that occurred during his incarceration at Giles W. Dalby Correctional Facility (Dalby Facility). Thereafter the United States District Court reassigned the case to the undersigned United States Magistrate Judge on February 19, 2013. On February 20, 2013, Hernandez-Gutierrez initially appeared before the undersigned for a criminal matter, and it was determined that he would be transferred to the Northern District of California, San Francisco Division. On that date Hernandez-Gutierrez also notified the Clerk of Court of a change in his address from Dalby Facility to an apartment in Sparks, Nevada.

The undersigned determined that it was not feasible to hold a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and therefore entered an order requiring Hernandez-Gutierrez to complete a questionnaire. The order and questionnaire were mailed to Hernandez-Gutierrez at his last known address in Sparks, Nevada, on February 22, 2013, but were returned as undeliverable and marked "unable to forward." As of this date, there has been no further docket activity in this action.

**II.    Recommendation**

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). It is therefore recommended that the United States District Court dismiss Hernandez-Gutierrez's Complaint for want of prosecution.

**III.    Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2013); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:    March 27, 2013.

NANCY M. KOENIG
United States Magistrate Judge